IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

FIROZ PATEL,
      Petitioner,

v.                                                                      Civil Action No. 3:23-cv-366 (DJN)

WARDEN, FEDERAL CORRECTIONAL FACILITY
DANBURY, CT., *et al.*,
      Respondents.

## MEMORANDUM OPINION

Firoz Patel, a federal inmate proceeding *pro se*, submitted a 28 U.S.C. § 2241 Petition. ("§ 2241 Petition," ECF No. 1.)[1] This matter was initially filed in the United States District Court for the District of Connecticut, was transferred to the District of Rhode Island, (ECF No. 25) and was subsequently transferred here. (ECF No. 28.) Prior to the transfers, the Government filed an Opposition. (ECF No. 14.) For the reasons set forth below, the § 2241 Petition will be DISMISSED WITHOUT PREJUDICE for want of jurisdiction.

### I.    PROCEDURAL HISTORY

"In July 2020, Patel pleaded guilty in the D.C. District Court [("Sentencing Court")] to conspiracy to launder monetary instruments and conspiracy to commit crimes against the United

---

[1] The statute provides, in pertinent part:

> (c) The writ of habeas corpus shall not extend to a prisoner unless--
> (1) He is in custody under or by color of the authority of the United States or is committed for trial before some court thereof; or
> (2) He is in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States; or
> (3) He is in custody in violation of the Constitution or laws or treaties of the United States . . . .

28 U.S.C.A. § 2241(c)(1)–(3).

States, arising out of a multi-year scheme in which he laundered over $ 250 million." (ECF No. 14, at 1.)[2] The Sentencing Court sentenced him to concurrent sentences of 36 months of imprisonment. (*Id.*)[3] Patel did not appeal. *United States v. Patel*, No. 1:20CR00113–RDM–1 (D.D.C. 2020); *United States v. Patel*, No. 1:18CR00053–RDM–1 (D.D.C. Apr. 14, 2023). On April 14, 2023, Patel filed a motion to vacate under 28 U.S.C. § 2255 in the Sentencing Court. *Patel*, No. 1:18CR00053–RDM–1 (D.D.C. Apr. 14, 2023), ECF No. 161. It appears that the § 2255 motion remains pending.

In his present § 2241 Petition, Patel contends that:

Claim One: "The Government has breached and broken the plea agreement." (ECF No. 1, at 6.)

Claim Two: "Petitioner is factually innocent as to the charges to which a guilty plea was entered which occurred only through the ineffective assistance of defense counsel." (*Id.*)

Claim Three: "Petitioner is factually innocent as to the charges to which a guilty plea was entered and which occurred only through the ineffective assistance of

---

[2]   The Court employs the pagination assigned by the CM/ECF docketing system for citations to the record. The Court corrects the capitalization and punctuation in Patel's submissions.

[3]   As the Government explains:

> Patel was initially charged in two separate indictments in two federal districts. On July 7, 2012, a federal grand jury in the Middle District of Tennessee charged Patel with drug crimes, smuggling and money laundering. On March 8, 2018, a federal grand jury in the District of Columbia charged Patel with money laundering, conspiracy, and operating an unlicensed money transmitting business, among other things. Pursuant to Federal Rule of Criminal Procedure 20, the Tennessee case was transferred to the District of Columbia District Court on July 15, 2020, with Patel's consent.
> On July 16, 2020, Patel pleaded guilty in [the] U.S. District Court for the District of Columbia to an Information charging one count of conspiracy to commit crime against the United States in violation of 18 U.S.C. § 371 and one count of conspiracy to launder monetary instruments in violation of 18 U.S.C. § 1956(h), thereby satisfying his criminal liability in both the D.C. and Tennessee cases.

(ECF No. 14, at 5.)

defense counsel." (*Id.*) Petitioner's plea was not knowing and voluntary. (*Id.* at 30.)

As discussed below, this Court lacks jurisdiction to entertain these claims.

## II. ANALYSIS

### A. Law Governing § 2241 Petitions

A motion pursuant to 28 U.S.C. § 2255 "provides the primary means of collateral attack" on the imposition of a federal conviction and sentence, and such motion must be filed with the sentencing court. *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (quoting *Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990)). A federal inmate may not proceed under 28 U.S.C. § 2241 unless he or she demonstrates that the remedy afforded by 28 U.S.C. § 2255 "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e).[4] "For example, attacks on the execution of a sentence are properly raised in a § 2241 petition." *In re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) (citing *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996); *Hanahan v. Luther*, 693 F.2d 629, 632 n.1 (7th Cir. 1982)). The Fourth Circuit has emphasized that "the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision or because an individual is procedurally barred from filing a § 2255 motion." *In re Vial*, 115 F.3d at 1194 n.5 (citations omitted).

The Fourth Circuit has stressed that an inmate may proceed under § 2241 to challenge his or her conviction "in only very limited circumstances." *United States v. Poole*, 531 F.3d 263,

---

[4] "This 'inadequate and ineffective' exception is known as the 'savings clause' to [the] limitations imposed by § 2255." *Wilson v. Wilson*, No. 1:11cv645 (TSE/TCB), 2012 WL 1245671, at *3 (E.D. Va. Apr. 12, 2012) (quoting *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000)).

3

269 (4th Cir. 2008) (citation and internal quotation marks omitted). Until recently, the test in the Fourth Circuit was as follows:

> [Section] 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner *was convicted is deemed not to be criminal*; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d 328, 333–34 (4th Cir. 2000) (emphasis added).[5] However, on June 22, 2023, the United States Supreme Court held that the "limitation on second or successive motions [does not] make § 2255 'inadequate or ineffective' such that the prisoner may proceed with his statutory claim under § 2241." *Jones v. Hendrix*, 143 S. Ct. 1857, 1863 (2023). Thus, it appears that *Jones* and *Wheeler* have been abrogated.

In *Jones*, the Supreme Court explained:

> We now hold that the saving[s] clause does not authorize such an end-run around [the Antiterrorism and Effective Death Penalty Act ("AEDPA")]. In § 2255(h), Congress enumerated two—and only two—conditions in which a second or successive § 2255 motion may proceed. Because § 2255 is the ordinary vehicle for a collateral attack on a federal sentence, the straightforward negative inference from § 2255(h) is that a second or successive collateral attack on a federal sentence is not authorized unless one of those two conditions is satisfied. Even more directly, § 2255(h)(2)'s authorization of a successive collateral attack based on new rules "of *constitutional* law" implies that Congress did not authorize successive collateral attacks based on new rules of *nonconstitutional* law. Had Congress wished to omit the word "constitutional," it easily could have done so. . . .
> . . . .
> Here, as often is the case, the best interpretation is the straightforward one. Section 2255(h) specifies the two limited conditions in which Congress has permitted federal prisoners to bring second or successive collateral attacks on their

---

[5] With respect to inmates challenging their sentence, the Fourth Circuit had expanded the test in *United States v. Wheeler*, 886 F.3d 415, 429 (4th Cir. 2018).

On June 22, 2023, the United States Supreme Court also held that the "limitation on second or successive motions [does not] make § 2255 'inadequate or ineffective' such that the prisoner may proceed with his statutory claim under § 2241." *Jones v. Hendrix*, 143 S.Ct. 1857, 1863 (2023). Thus, it would appear that *Wheeler* has been abrogated.

sentences. The inability of a prisoner with a statutory claim to satisfy those conditions does not mean that he can bring his claim in a habeas petition under the saving[s] clause. It means that he cannot bring it at all. Congress has chosen finality over error correction in his case.

*Jones*, 143 S.Ct. 1868–69 (citations omitted) (emphasis in original).

### B. This Court Lacks Jurisdiction Over Patel's Claims

Little discussion is needed here, because the Court lacks jurisdiction over Patel's claims. Patel contends that the Government breached his plea agreement, that he is "factually innocent" and that he entered his plea based on ineffective assistance of counsel. (ECF No. 1, at 6.) In essence, Patel argues that he was wrongfully convicted and that his conviction and plea should be vacated. Contrary to Patel's suggestion, § 2255 is a perfectly adequate vehicle to bring his claims, and he fails to satisfy the savings clause.[6] Accordingly, Patel cannot proceed under 28 U.S.C. § 2241.

### III. CONCLUSION

Patel's § 2241 Petition will be DISMISSED WITHOUT PREJUDICE for lack of jurisdiction. An appropriate Final Order will accompany this Memorandum Opinion.

Let the Clerk file a copy of the Memorandum Opinion electronically and send a copy to Patel.

/s/
David J. Novak
United States District Judge

Richmond, Virginia
Dated: August 15, 2023

---

[6] It appears that Patel is raising similar claims in his § 2255 motion pending in the Sentencing Court. *Patel*, No. 1:18CR00053–RDM–1 (D.D.C. Apr. 14, 2023), ECF No. 161.

5