IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

FIROZ PATEL,
    Petitioner,

v.                                                         Civil No. 3:23cv366 (DJN)

WARDEN, FEDERAL CORRECTIONAL FACILITY
DANBURY, CT., *et al.*,
    Respondents.

## MEMORANDUM OPINION

Firoz Patel, a federal inmate proceeding *pro se*, submitted a 28 U.S.C. § 2241 Petition. ("§ 2241 Petition," ECF No. 1.)[1] This matter was initially filed in the United States District Court for the District of Connecticut, was transferred to the District of Rhode Island, (ECF No. 25), and was subsequently transferred here. (ECF No. 28.) By Memorandum Opinion and Order entered on August 15, 2023, the Court dismissed the § 2241 Petition without prejudice for lack of jurisdiction. (ECF Nos. 32, 33.)

---

[1] The statute provides, in pertinent part:

> **(c)** The writ of habeas corpus shall not extend to a prisoner unless--
> **(1)** He is in custody under or by color of the authority of the United States or is committed for trial before some court thereof; or
> **(2)** He is in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States; or
> **(3)** He is in custody in violation of the Constitution or laws or treaties of the United States . . . .

28 U.S.C.A. § 2241(c)(1)–(3).

On August 28, 2023, the Court received a "Notice of Motion [For an Order, Pursuant to Rule 59 and Rule 60, Reconsidering the Opinion/Order Dated August 15, 2023, Which Dismissed the § 2241 Petition Without Prejudice]." (ECF No. 35.)[2] Because Patel's motion was received within twenty-eight days after the entry of the August 15, 2023 Memorandum Opinion and Order, the Court will construe this submission as a motion filed pursuant to Federal Rule of Civil Procedure 59(e) ("Rule 59(e) Motion"). *See MLC Auto., LLC v. Town of S. Pines*, 532 F.3d 269, 277–78 (4th Cir. 2008) (filings made within twenty-eight days after the entry of judgment construed as Rule 59(e) motions).

"[R]econsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998). The Fourth Circuit has recognized three grounds for relief under Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993) (citing *Weyerhaeuser Corp. v. Koppers Co.*, 771 F. Supp. 1406, 1419 (D. Md. 1991); *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990)). Patel fails to identify under which section he seeks relief. However, it appears that he wishes the Court to reconsider its decision that it lacked jurisdiction over his petition to prevent a clear error of law or prevent manifest injustice.

Patel contends that prior to the action being transferred to this Court, he had withdrawn all of his claims "except for the claim that the Government had breached and broken the plea agreement post-sentencing." (ECF No. 36, at 2.) However, even if three of Patel's claims were

---

[2] The Court employs the pagination assigned by the CM/ECF docketing system. The Court corrects the capitalization and removes the emphasis in quotations from Patel's submissions.

withdrawn prior to the transfer to this Court, that fact would fail to alter this Court's conclusion that this Court lacks jurisdiction over the § 2241 Petition.

Second, Patel argues that § 2241 is the appropriate vehicle to challenge what he contends has been a breach of the plea agreement by the Government post-sentencing. (*Id.* at 7.) In his § 2241 Petition, Patel sought to withdraw his guilty plea based on an alleged breach by the Government of a section of his plea agreement pertaining to the possibility of a treaty transfer to Canada for a period of his incarceration. (ECF No. 1, at 14–17.) However, Patel was not really seeking to enforce a provision of his plea for a treaty transfer to Canada, but rather a vacatur of his guilty plea and, in turn, his convictions. As explained previously, "[i]n essence, Patel argues that he was wrongfully convicted and that his conviction and plea should be vacated. Contrary to Patel's suggestion, § 2255 is a perfectly adequate vehicle to bring his claims and he fails to satisfy the savings clause." (ECF No. 32, at 5.) Any claim Patel may have stemming from his plea agreement should be brought in the court where he entered his plea and was ultimately convicted. *See United States v. Poole*, 531 F.3d 263, 269 (4th Cir. 2008) (explaining that § 2241 should be used "in only very limited circumstances"). Indeed, it appears that Patel has raised this claim in a variety of different motions, including in a § 2255 motion currently pending in the D.C. District Court. (*See* ECF No. 14, at 8–9); *United States v. Patel*, No. 1:18cr00053–RDM–1 (D.D.C. Apr. 14, 2023), ECF No. 161. Simply because the D.C. court has not ruled in his favor on that claim does not mean that Patel can bring the same challenge here.

3

In sum, Plaintiff fails to demonstrate that the Court made a clear error of law or that reinstatement of his case is necessary to prevent a manifest injustice. Accordingly, the Rule 59(e) Motion, (ECF No. 35), will be DENIED.

Let the Clerk file a copy of the Memorandum Opinion electronically and send a copy to Plaintiff.

/s/
David J. Novak
United States District Judge

Richmond, Virginia
Dated: October 17, 2023